# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0272V
Filed: January 17, 2019
UNPUBLISHED

|  |  |
|---|---|
| MARY M. HUBBELL,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Kathy Ann Lee, Cline Farrell Christie & Lee, P.C, Indianapolis, IN,* for petitioner.
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 27, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following the administration of an influenza ("flu") vaccine on October 26, 2015.  Petition at 1.  On June 26, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  ECF No. 45.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 18, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 50.  Petitioner requests attorneys' fees in the amount of $26,669.60 and attorneys' costs in the amount of $918.63.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 2.  Thus, the total amount requested is $27,588.23.

On December 18, 2018, respondent filed a response to petitioner's motion.  ECF No. 51.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On January 18, 2019, petitioner filed a reply.  ECF No. 52.  Petitioner states that she "has no objection to Respondent's Response and respectfully requests that the chief special master award the requested attorney fees and costs."  *Id.* at 1.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

> **I.** **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Discussion

### A. Hourly Rates

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner requests compensation for her attorney, Kathy A. Lee, at a rate of $350 per hour for time billed in 2016, $358 per hour for time billed in 2017, and $407 per hour for time billed in 2018. ECF No. 45-1 at 1. The undersigned finds no cause to reduce the requested rate for 2016 as this rate has been previously awarded to petitioner's counsel. Ms. Lee has also been previously awarded the rate of $350 for time billed in 2017. *See Gagne v. Sec'y of Health and Human Servs.,* No. 16-660V, 2017 WL 6398004, (Fed. Cl. May 18, 2017). The undersigned reduces the requested rate for Ms. Lee for 2017 to the previously awarded rate of $350 per hour. This results in a reduction of **$211.20**.

With regard to Ms. Lee's requested hourly rate of $407 for work performed in 2018, the undersigned finds the proposed rate increase excessive based on her experience in the Vaccine Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

Ms. Lee has been licensed to practice law for over 30 years; however, she still has very limited overall experience in the Vaccine Program. ECF No. 50 at 1. Therefore, the undersigned does not find a single, substantial rate increase of $57 per hour over counsel's previously-awarded rate to be appropriate at this time.[3] Nor does the application for attorney fees filed persuade the undersigned that the significant rate increase for Ms. Lee should be awarded. An increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of only $367 per hour. Nonetheless, to

---

[3] As noted in the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule, although the fee schedule lists hourly rates based on an attorney's years of experiencing practicing law, "[i]ndividual facts and circumstances may warrant an adjustment to the schedule." *See* Fee Schedule n. 8.

3

reflect counsel's continuing accrual of relevant vaccine litigation experience, and as a rate increase was not awarded for 2017, the undersigned will award a rate of $380 per hour for 2018[4], which is a more appropriate rate given the undersigned's experience and analysis of the *McCulloch* factors as applied to Ms. Lee.  This results in a reduction of **$537.30**.[5]

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.6 hours was billed on tasks considered administrative including, scanning and copying, printing, numbering documents, and making payments.  The undersigned reduces the request for attorney fees in the amount of **$202.40**[6], the total amount of the tasks considered administrative.

### C. Travel Time

Paralegal Barbara Sharp, billed 1.0 hours on September 10, 2018 to "Travel to/from St. Vincent Hospital to obtain M. Hubbell's signature on check." ECF No. 50-1 at 15.  In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).  "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling."  *Id.*

---

[4] The undersigned notes that Ms. Lee's continued accrual of relevant experience in the Vaccine Program, coupled with her overall legal experience, will likely support further increases in the future which will bring her hourly rate into closer alignment with the OSM fee schedule.

[5] This amount is calculated by reducing the requested rate by the awarded rate multiplied by hours billed. ($407 - $380 = $27 * 19.9 = $537.30).

[6] This amount consists of (0.8 hrs x $125 = $100) + (0.8 hrs x $128 = $102.40) = $202.40.

4

As the travel time and time meeting with petitioner were blocked together, the undersigned cannot differentiate how much time was spent on travel and meeting. Therefore, the entry will be treated as travel time and reduced by 50 percent. The request for attorney's fees is **reduced by $66.00**.[7]

### III.     Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $880.94. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,571.33[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Kathy Ann Lee.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount consists of the already reduced rate of $132/2 = $66.00.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.